IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUSTIN D. REED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 12 cv 873 |
| v. | ) |
| | ) Judge Sharon Johnson Coleman |
| NORFOLK SOUTHERN RAILWAY | ) |
| COMPANY, a Virginia corporation, d/b/a | ) |
| NORFOLK SOUTHERN RAILWAY, | ) |
| | ) |
| Defendant. | ) |

### Order

Defendant Norfolk Southern Railway Company ("Norfolk") moves to certify for interlocutory appeal under 28 U.S.C. § 1292(b) this Court's April 26, 2013, Order (Dkt. No. 42) denying Norfolk's Motion for Summary Judgment.

Title 28 U.S.C. § 1292(b) governs interlocutory appeals and provides as follows:

"When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order."

Interlocutory appeal is appropriate when (1) the appeal presents a question of law; (2) it is controlling; (3) it is contestable; (4) its resolution will expedite the resolution of the litigation; and (5) the petition to appeal is filed in the district court within a reasonable amount of time after entry of the order sought to be appealed. *Ahrenholz v. Board of Trustees,* 219 F.3d 674, 675 (7th Cir. 2000).

Here, the criteria for interlocutory appeal are met. Before the Court was a case of first

impression, interpreting a provision of the Federal Railroad Safety Act. A "question of law" refers "to a question regarding the meaning of a statutory or constitutional provision, regulation or common law doctrine." *Id*. at 676. The question is also controlling in that the outcome of the entire case depended on interpreting the election of remedies provision of the statute. Additionally, certifying this matter for interlocutory appeal will likely expedite resolution of the litigation and result in significant savings of judicial resources. The posture of the case as it stands will hinder any possibility of settlement and the plaintiff has regained his employment with the defendant and thus his potential damages are quite limited. This Court believes it made the appropriate ruling, finding that the statute is ambiguous and therefore the Department of Labor's interpretation is entitled to deference under *Chevron v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-44 (1984). However, in recognizing that the election of remedies provision of the Federal Railroad Safety Act is ambiguous, the Court also acknowledges the potential for different interpretations. The motion for interlocutory review is granted.

IT IS SO ORDERED.

Date: May 14, 2013

Entered:_____
Sharon Johnson Coleman