```
 1   TRANSCRIBED FROM DIGITAL RECORDING

 2                IN THE UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF ILLINOIS
 3                         EASTERN DIVISION

 4   JUSTIN D. REED,                      )
                                          )
 5          Plaintiff,                    )
                                          )
 6          vs.                           )  No. 12 C 873
                                          )
 7   NORFOLK SOUTHERN RAILWAY COMPANY, a  )
     Virginia corporation doing business  )
 8   as Norfolk Southern Railway,         )  Chicago, Illinois
                                          )  November 15, 2012
 9          Defendant.                    )  9:49 A.M.

10              TRANSCRIPT OF PROCEEDINGS - Status
        BEFORE THE HONORABLE JEFFREY T. GILBERT, Magistrate Judge
11
     APPEARANCES:
12
     For the Plaintiff:        MS. JENNIFER WEISS
13                             53 West Jackson Boulevard
                               Suite 505
14                             Chicago, Illinois  60604

15   For the Defendant:        SIDLEY AUSTIN LLP
                               One South Dearborn Street
16                             Chicago, Illinois  60603
                               BY:  MR. JAMES STANTON WHITEHEAD
17

18                    PAMELA S. WARREN, CSR, RPR
                         Official Court Reporter
19                     219 South Dearborn Street
                               Room 1928
20                      Chicago, Illinois   60604
                            (312) 294-8907
21
     NOTE:  Please notify of correct speaker identification.
22   FAILURE TO SPEAK DIRECTLY INTO THE MICROPHONE MAKES PORTIONS
     UNINTELLIGIBLE.
23

24

25
```

```
 1          (Proceedings held in open court:)
 2          THE CLERK:  12 C 873, Reed versus Norfolk Southern
 3   Railway Company.
 4          MR. WHITEHEAD:  Good morning, your Honor.  James
 5   Whitehead for defendant Norfolk Southern.
 6          THE COURT:  Good morning, Mr. Whitehead.
 7          MS. WEISS:  Good morning, your Honor.  Jennifer Weiss
 8   on behalf of plaintiff, Mr. Reed, in this matter.
 9          THE COURT:  Hi, Ms. Weiss.
10          I do see you teed up this jurisdictional issue in
11   front of the district judge.
12          MR. WHITEHEAD:  That's right.  The -- the briefing
13   will be complete today.  We file our reply memorandum yet today
14   and --
15          THE COURT:  I saw that.
16          MR. WHITEHEAD:  -- it is a dispositive motion.  If we
17   are successful in it, that will -- that will end the case.  If
18   it is not, we have a discovery cutoff at the end of February.
19          THE COURT:  Right.
20          MR. WHITEHEAD:  And the parties have informally agreed
21   to stay discovery until we hope we get an early ruling from
22   Judge Coleman.  But if not, we'll fire away with discovery in
23   order to be compliant with that February 28th deadline.
24          MS. WEISS:  Your Honor, if I may add one thing in
25   terms of -- one of the other significant movements that has
```

1  been made in this mater since the last time that we were before
2  you is that the arbitrator has in fact made a decision in this
3  matter, and he has made a decision in favor of the plaintiff
4  here.
5              THE COURT: Uh-huh.
6              MS. WEISS: And one -- a few of the things that the
7  arbitrator in fact did provide is that he -- he forced the
8  rehire of Mr. Reed in this matter, but he did not award, if you
9  could correct me if I am wrong --
10             MR. WHITEHEAD: Uh-huh.
11             MS. WEISS: -- a front pay in this matter.
12             So the only issues --
13             MR. WHITEHEAD: For the back pay.
14             MS. WEISS: Okay. Back pay, I apologize.
15             The only issues here are attorneys's fees, back pay,
16 compensatory damages, as well as punitive, your Honor. And so
17 with respect to that, the company did not win on that matter.
18 So -- as well as the MSJ which is, as of today, being fully
19 briefed.
20             So what plaintiff in this matter is asking for is a
21 settlement conference because of the attorneys's fees that are
22 going to, you know, accrue in this matter. They may overtake
23 the value of the case, depending on how long this case
24 continues to go.
25             And so Mr. Lee, the lead counsel in this case, is

1 really eager to move forward in settlement just so that that
2 does not happen in fact.
3     THE COURT: Is this news to you, Mr. Whitehead, or are
4 you --
5     MR. WHITEHEAD: No. Well, the suggestion for
6 settlement conference is news. But the facts are essentially
7 are corrected. The arbitrator ruled that Mr. Reed had in fact
8 been engaged -- had violated the Norfolk Southern work rule,
9 and therefore discipline was appropriate. But he converted his
10 dismissal into a two-and-a-half year unpaid suspension.
11     So there is a back pay issue that then gets teed up in
12 this case --
13     THE COURT: Uh-huh.
14     MR. WHITEHEAD: -- as well as a request for other
15 relief.
16     As I think we informed your Honor when we were here
17 before, I think that the concept of a settlement conference is
18 premature because we have this motion for summary judgment
19 pending that will be dispositive if in fact it is granted. I
20 think it may well be sensible that if the Judge denies summary
21 judgment, before we go at each other from a discovery
22 perspective, we at least have counsel-to-counsel discussions
23 about whether or not the railroad has any interest in
24 settlement.
25     From the railroad's perspective, of course, Mr. Reed

1  had his day in court before the arbitrator, and he -- he got
2  reinstated.  In fact he has been reinstated, but he did not get
3  back pay.  And so whether the railroad has an interest in
4  resolving this matter for some amount, to save attorneys's fees
5  will be something that we'll have to discuss down the road.
6  But it -- I don't believe the railroad would be interested in a
7  settlement conference now until we get a ruling as a matter of
8  law on this dispositive election of remedies defense.
9            THE COURT:  Well, the election of remedies defense
10 will either throw the plaintiff out of federal court or not.
11           MR. WHITEHEAD:  Right.
12           THE COURT:  But it won't -- if it throws the plaintiff
13 out of federal court, then I don't know what your remedies are
14 Ms. Weiss with respect to anything else.
15           Let me interrupt for a second --
16           MR. WHITEHEAD:  Uh-huh.
17           THE COURT:  -- because I'm not going to do a shotgun
18 settlement conference where one party raises the issue on a
19 status hearing and the other party hasn't even consulted with
20 their client about whether to have a settlement conference.
21 I'm not going to -- you know, I understand the logic of your
22 position.  You won at the arbitration.  There is a back pay
23 issue and attorneys's fees.  We would like not to have to go
24 through extensive discovery here.  I heard Mr. Whitehead say
25 that if the motion stays under advisement for some -- the

1  motion for summary judgment stays under advisement for some
2  period of time in front of Judge Coleman, then they are going
3  to fire away with discovery, you're going to respond by moving
4  of stay discovery because nothing should be done until you make
5  -- you figure out the motion for summary judgment.
6      MS. Weiss: There is one more piece that's very
7  important in this. Opposing counsel said that Mr. Reed had his
8  day in court, and that is the primary issue that was -- had
9  been briefed. And that in fact is very clear in the case law
10 that he in fact did not have his day in a court because what
11 you have got when you have got a collective bargaining
12 agreement at issue in an arbitration, you're going before the
13 arbitrator on the terms and conditions in that collective
14 bargaining agreement. You do not have your day in court
15 as -- as a litigant before the arbitrator. It is on the terms
16 and conditions of that CBA. It is not in terms and conditions
17 on the law as it is before circuit court. It is on contractual
18 provision. So, no, he has not had his day in court, first of
19 all.
20     Secondly, with respect to the substance of this
21 matter, we talk about the accrual of attorneys's fees. If we
22 move forward on the -- in the MSA -- or excuse me, the MSJ, you
23 can tell I divorce law as well, marital settlement agreement.
24 If we move forward with respect to the summary judgment motion
25 here, there necessarily will be an increase in attorneys's

1  fees. However, I understand and I absolutely understand that
2  he has to speak to his client.
3  However, as he said to you, he has been on notice,
4  they have been on notice. The idea of a settlement conference
5  is absolutely not a surprise to them. So that's what I would
6  (unintelligible).
7  THE COURT: But here's the deal as I understand it.
8  If the defendant is successful in their motion, you may or may
9  not have a settlement conference, but it is not going to be in
10 front of me, in the district court, right, because there would
11 be could no case here any more if -- and in terms of the
12 plaintiff incurring attorneys's fees, you have already
13 responded to the motion for summary judgment. The defendant is
14 filing a reply today.
15 MS. Weiss: I understand.
16 THE COURT: Sounds to me it is going to sit for a bit
17 in front of Judge Coleman.
18 MS. Weiss: I understand.
19 THE COURT: It may sit for a while in front of Judge
20 Coleman. And you have a February discovery cutoff that you
21 have informally agreed to kind of hold discovery in abeyance
22 until you hear something from Judge Coleman.
23 MS. Weiss: Uh-huh.
24 THE COURT: It may take you a while to hear from Judge
25 Coleman.

1          MR. WHITEHEAD: And it may well be at that point,
2    Judge, that we would agree jointly to request Judge Coleman to
3    extend the discovery deadline --
4          THE COURT: Right.
5          MR. WHITEHEAD: -- so as to not put us to the expense
6    of discovery.
7          THE COURT: Right.
8          MR. WHITEHEAD: We have no interest in running up
9    costs for either party --
10         THE COURT: Yeah.
11         MR. WHITEHEAD: -- here, but --
12         THE COURT: I would think that would be prudent.
13         MR. WHITEHEAD: Right.
14         But your Honor has to understand, and I'm sure counsel
15   does, this election of remedies defense that is being teed up
16   as part of the motion for summary judgment here has nationwide,
17   industrywide significance for the entire railroad industry.
18   This is a big issue. There are literally hundreds of cases
19   that are affected by the outcome of this motion. Not directly
20   but in terms of the precedent. I can assure your Honor that if
21   the motion for summary judgment is denied, Norfolk Southern
22   would seriously consider a possible settlement with
23   Ms. Reed -- Mr. Reed.
24         But the railroad will not settle this case before we
25   get a ruling from Judge Coleman. It is just too important to

1 the railroad to know as a matter of law whether our position on
2 this election of remedies defense is correct or not.
3     MS. Weiss: Your Honor, if I may, what we --
4     THE COURT: Real briefly because I think I understand
5 where we are.
6     MS. Weiss: Yeah. I understand. But what we got here
7 is a situation where the Department of Labor has again and
8 again and again asserted this position. So what we got before
9 the Court isn't -- is a question of whether or not the court
10 system has to heed to the position of the Department of Labor
11 with respect to the arbitrator and with respect to how it has
12 interpreted its regulations. So the deference and the standard
13 of that deference, what level of deference needs to be given
14 here to the circuit courts given the decision that has been
15 made by the arbitrator in this matter is clear.
16     So that's what has been brought up in this case.
17 However they are doing a situation where there is another case
18 that they are involved here where they are looking for a
19 decision to come in and come down in this case so that they can
20 of use that in another case that's -- that they are not
21 involved in.
22     So to try to make some precedent and see which one
23 fits, they get a favorable decision in, first of all, so that
24 they then can use it in either one of their cases to move
25 forward is a bit of a problem.

```
 1              THE COURT:  Well, wait.
 2              MS. Weiss:  I mean --
 3              THE COURT:  But see here, I'm going to have to cut you
 4    short here.  But right now I could see that being your
 5    problem.
 6              MS. Weiss:  Uh-huh.
 7              THE COURT:  It may be Judge Coleman's problem.
 8              MS. Weiss:  Uh-huh.
 9              THE COURT:  It may be the railroad's problem.  I'm
10    sitting here on a referral for discovery and settlement.  If
11    the parties don't want to go forward with discovery, I'm not
12    going to make them go forward with discovery while this motion
13    is pending.
14              MS. Weiss:  Uh-huh.
15              THE COURT:  If the defendant doesn't want to go
16    forward with a settlement conference unless and until it hears
17    from Judge Coleman one way or another, I'm not going to force
18    the railroad to come in for a settlement conference --
19              MS. Weiss:  Okay.
20              THE COURT:  -- even if you feel like its position is
21    unjustified and meritless.
22              So the two issues that are in front of me are
23    effectively not going anywhere until --
24              MS. Weiss:  At least February.
25              THE COURT:  Well, yeah.  I mean, at least until the
```

```
 1  railroad serves some -- my guess is nobody is serving any
 2  discovery before you ask Judge Coleman to extend a discovery
 3  deadline.
 4          MS. Weiss:  Yeah.
 5          THE COURT:  So I -- my feeling is I would put this
 6  down for a status at the -- at the end of January.  And P.S.,
 7  I'm not sure -- I set the discovery dates here, and I guess I
 8  would find out if Judge Coleman still hasn't ruled, it may be
 9  up to me to extend your discovery dates --
10          MS. Weiss:  Correct.
11          THE COURT:  -- which probably would be fine with me
12  too --
13          MS. Weiss:  Okay.
14          THE COURT:  -- while you're wait willing.  But I just
15  would like to get a date some time in January where I see where
16  things stand.  I'll watch the docket.
17          MS. Weiss:  Okay.
18          THE COURT:  I'm going to put you down for January 24th
19  at 10:00 A.M.
20          MR. WHITEHEAD:  That's fine, Judge.
21          THE COURT:  And we'll see what happens.
22          If, if -- and I'm not saying you have to wait for that
23  to either ask for more --
24          MS. Weiss:  I was just going to ask
25          THE COURT:  -- time or not.  You'll see what's going
```

```
 1   on.  If you still haven't heard anything, you know, right after
 2   the first of the year, you -- prudence may dictate you file
 3   something.  And I think we looked at this last time, right?
 4   And I thought discovery -- all discovery was in front of me,
 5   including dates.
 6           MS. Weiss:  In this case, your Honor?
 7           THE COURT:  Yeah, I'm not a hundred percent sure.
 8           MS. Weiss:  Okay.
 9           THE COURT:  You could look at the -- the referral is
10   on the docket.
11           MS. Weiss:  Yes.
12           THE COURT:  If there is any question about it, I
13   suppose I'd file it in front of Judge Coleman and she could
14   always kick it to me.
15           MR. WHITEHEAD:  Right.
16           MS. Weiss:  Okay.
17           MR. WHITEHEAD:  And, Judge, I assure counsel we will
18   serve discovery without talking to them first.
19           THE COURT:  That's great.  And --
20           MS. Weiss:  That's common courtesy, yeah.
21           THE COURT:  Yeah.
22           MS. Weiss:  Same here.
23           THE COURT:  Discretion is the better part of valor
24   here I think.
25           MS. Weiss:  Litigation is not (unintelligible.)
```

1  THE COURT: If somebody wants to -- you know, I'm more
2  than willing to have a settlement conference when I have both
3  parties willing to do it. By these dates are so precious in
4  terms of being able to reserve the time, and there is a waiting
5  list, so I don't usually force somebody into a settlement
6  conference unless both parties want to have the settlement
7  conference.
8  MS. Weiss: Do you have an idea as to what your
9  waiting period is?
10  THE COURT: Yeah, I'm setting them in January now.
11  MS. Weiss: Okay.
12  MR. WHITEHEAD: Thank you, your Honor.
13  MS. Weiss: Great, your Honor. Thank you so much.
14  (Which concluded the proceedings.)
15  CERTIFICATE
16  I certify that the foregoing is a correct transcript
17  from the digital recording of proceedings in the above-entitled
18  matter to the best of my ability, given the limitation of using
19  a digital-recording system.
20
21
22  **/s/Pamela S. Warren**                    November 27, 2012
    Official Court Reporter                    Date
23  United States District Court
    District Northern of Illinois
24  Eastern Division
25